Submitted August 13, 2015, reversed and remanded with instructions for post-conviction court to grant petitioner relief on Count 2, otherwise affirmed
July 20, 2016

RONALD A. EVERETT,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
11C21913; A153907

380 P3d 1099

Jason Weber filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**LAGESEN, J.**

A jury convicted petitioner of attempted assault in the second degree after the trial court instructed the jury incorrectly on the elements of that offense and petitioner's trial counsel failed to prevent or remedy that error. Petitioner then initiated this post-conviction proceeding, seeking relief from that conviction on the ground that his trial counsel's failure to ensure that the jury was correctly instructed deprived him of the right to adequate and effective assistance of counsel guaranteed by Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. The post-conviction court denied relief, concluding that, although petitioner's trial counsel should have objected to the trial court's failure to instruct the jury correctly on the elements of attempt, that deficiency did not prejudice petitioner. We conclude otherwise and, for that reason, reverse and remand with instructions for the post-conviction court to grant petitioner relief from his conviction for attempted second-degree assault.[1]

## BACKGROUND

The conviction that petitioner challenges arose out of his encounter with a police officer, Deputy Moss. Moss, suspecting that petitioner was driving a stolen car, followed petitioner into the parking lot of an apartment complex. Petitioner pulled into a covered parking space and Moss's patrol car skidded to a stop right behind him. A car was parked in the space to the right of petitioner's car, but there were two empty spaces next to petitioner on the left. Moss got out of her car, drew her gun, and approached the driver's side of petitioner's car. Petitioner then maneuvered his car back and forth in an effort to get out of the parking space, ramming the patrol car behind him and a support pole in front of him multiple times. Moss repeatedly ordered him to stop, but petitioner kept maneuvering until he succeeded in rotating his car to the left so that it was pointed toward the two empty parking spaces and Moss. Petitioner then

---

[1] As noted below, the jury also convicted petitioner of three other offenses. The petition for post-conviction relief sought relief from all convictions. Petitioner's appellate arguments do not challenge the denial of relief as to those convictions, and our disposition of this appeal does not affect their validity.

accelerated in that direction. Moss jumped out of the way and fired three shots at petitioner, striking him once. Petitioner nevertheless was able to flee the parking lot and evade Moss's attempts to find him. However, his escape was short-lived; the next day, police apprehended him at his parents' house. Petitioner was charged with five offenses: attempted aggravated murder, ORS 161.405 and ORS 163.095 (Count 1); attempted assault in the first degree, ORS 161.405 and ORS 163.185 (Count 2); attempt to elude a police officer, ORS 811.540, (Count 3); unauthorized use of a vehicle, ORS 164.135 (Count 4); and failure to perform the duties of a driver, ORS 811.700 (Count 5).

At trial, petitioner did not seriously contest the latter three charges against him; his trial counsel affirmatively told jurors that they would convict petitioner of those offenses. Instead, the parties focused on the charges of attempted aggravated murder and attempted assault in the first degree. The heart of their dispute was petitioner's mental state at the time he drove his car in Moss's direction. The state's theory was that defendant intended to kill or cause serious physical injury to Moss by driving toward her; defendant's theory was that he simply was trying to escape, had no intention of injuring Moss and, at most, acted recklessly with respect to any risk of harm posed to her by his driving. Apparently believing that the mental states for attempted assault in the third degree and attempted assault in the fourth degree were recklessness and criminal negligence, respectively, petitioner's trial counsel requested that the jury be instructed on those offenses as ostensible lesser-included offenses of attempted assault in the first degree. The state did not object to the requested instructions, but argued that, if the court gave them, it should also instruct the jury on attempted assault in the second degree.

The trial court agreed to deliver the requested instructions regarding the lesser-included offenses, along with its instructions on attempted aggravated murder and attempted assault in the first degree. Although the instructions on attempted aggravated murder and attempted assault in the first degree correctly informed the jury that it had to find that petitioner acted intentionally, none of the instructions regarding the lesser-included offenses correctly

stated the law. As to attempted assault in the second degree, the jury was instructed:

> "Oregon law provides that a person commits the crime of Attempted Assault in the Second Degree if the person knowingly causes physical injury to another by means of a dangerous weapon.

> "In this case, to establish Attempted Assault in the Second Degree, the State must prove beyond a reasonable doubt the following three elements: One, the act occurred in Clackamas County, Oregon; two, the act occurred on or about November 30th, 2006; and three, that [defendant] knowingly caused physical injury to * * * Moss by means of a dangerous weapon.

> "A person acts knowingly or with knowledge if the person acts with an awareness that his or her conduct was of a particular nature. When used in the phrase 'knowingly attempted to cause physical injury to another by means of a dangerous weapon,' 'knowingly' or 'with knowledge' means that the defendant acted with an awareness that a physical injury would occur. Knowledge is also established if the person acts intentionally."

The instruction was incorrect because it stated that, in order to convict petitioner of attempted assault in the second degree, the jury had to find that petitioner committed the *completed* offense of second-degree assault, that is, that petitioner "knowingly caused physical injury to * * * Moss by means of a dangerous weapon." Although the instruction explained the mental state for the offense in terms of attempted, rather than completed, second-degree assault, the instruction informed the jury that the applicable mental state for that attempt offense was "knowingly": "When used in the phrase 'knowingly attempted to cause physical injury to another by means of a dangerous weapon,' 'knowingly' or 'with knowledge' means that the defendant acted with an awareness that a physical injury would occur." However, ORS 161.405(1) specifies that the mental state for attempt is "intentionally": "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405(1).

The instructions regarding attempted third-degree assault and attempted fourth-degree assault were defective for similar reasons. They suggested, incorrectly, that the mental states for those attempt offenses were, respectively, recklessness and criminal negligence.[2] As a result, those instructions suggested to the jury that a person could be convicted for attempting to act recklessly or negligently. But, in *State v. Smith*, 21 Or App 270, 278-79, 534 P2d 1180 (1975), we held that, as a matter of law, a person "cannot attempt to act recklessly," because attempt requires intentional conduct. *Id.* at 279 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 96, 97 (July 1970)).[3] The same necessarily holds true with respect to negligent conduct.

Although both the prosecutor and trial counsel had requested, and the court had agreed to deliver, Uniform Criminal Jury Instruction (UCrJI) 1040, which defines the elements of attempt for purposes of ORS 161.405[4]—and would have informed the jury both that the mental state for attempt is "intentionally," and that attempt requires a person to engage in "conduct that constitutes a substantial step" toward the commission of a crime—the trial court did not verbally deliver that instruction. Neither the prosecutor nor trial counsel alerted the court of its omission, or of the other defects in its instructions regarding attempted assault in the second, third, and fourth degrees.

_____

[2] The jury instruction on attempted third-degree assault stated, in pertinent part, that the jury could convict petitioner of that offense if petitioner "recklessly attempted to cause serious physical injury to *** Moss by means of a dangerous weapon." The jury instruction on attempted fourth-degree assault stated, in pertinent part, that the jury could convict petitioner of that offense if petitioner "with criminal negligence, attempted to cause physical injury to *** Moss by means of a deadly weapon."

[3] The Commentary explains: "An unsuccessful attempt to cause intended physical injury is an attempted assault. Reckless conduct which is likely to cause physical injury, but does not do so, does not constitute attempted assault for one cannot attempt to act recklessly."

[4] UCrJI 1040 provides: "A person attempts [to commit a crime] when [he / she] intentionally engages in conduct that constitutes a substantial step toward the commission of that crime." At the time of the trial, this instruction was UCrJI 1039. In 2009, UCrJI 1039 was renumbered to UCrJI 1040. Throughout this opinion, we refer to it by its current number.

So instructed, the jury acquitted petitioner on the charge of attempted aggravated murder. It likewise acquitted petitioner of attempted assault in the first degree, but convicted him of the lesser-included offense of attempted assault in the second degree. The jury also convicted petitioner of the three offenses—attempting to elude a police officer, unauthorized use of a vehicle, and failure to perform the duties of a driver—that trial counsel had conceded to the jury. Petitioner then appealed. Among other things, he argued that the trial court had plainly erred in failing to deliver UCrJI 1040, acknowledging that the claimed error was not preserved. We affirmed, and the Supreme Court denied review. *State v. Everett*, 237 Or App 556, 240 P3d 102 (2010), *rev den*, 349 Or 601 (2011).

Petitioner then initiated this proceeding. In his petition, he alleged several distinct grounds for post-conviction relief, including the one that is the focus of this appeal: whether his trial counsel was inadequate and ineffective for "fail[ing] to ensure that the trial court instructed petitioner's jury on all material elements applicable to the lesser included offense of attempted assault in the second degree." Petitioner contended that competent trial counsel would have taken steps to ensure that the jury was accurately instructed on the elements of that offense, including ensuring that UCrJI 1040 was, in fact, delivered to the jury. He further contended that he was prejudiced by trial counsel's conduct because the instructions, as delivered, erroneously permitted the jury to find that he had committed the offense of attempt without finding that he acted intentionally, and because, as a factual matter, the jury could have had doubts about his mental state that could have resulted in an acquittal on the offense of attempted second-degree assault if the jury had been correctly instructed on the elements of that offense.

In response, defendant, the superintendent of the Oregon State Penitentiary,[5] did not dispute that the jury had not been correctly instructed regarding the elements of attempted second-degree assault and, in particular, did not

---

[5] By statute, the superintendent of petitioner's place of incarceration is the designated defendant in a post-conviction proceeding. ORS 138.570.

dispute that the jury had not received UCrJI 1040. Instead, the superintendent argued that the instructions, as a whole, adequately informed the jury of what it needed to find in order to convict petitioner of attempted second-degree assault, and that "there is simply no evidence that being instructed that 'attempt' requires the jury to find that [petitioner] intentionally engaged in conduct that constitutes a substantial step toward the commission of Assault II, that this would have had any effect whatsoever on the outcome of petitioner's trial."

The post-conviction court agreed with the superintendent. The court explained that trial counsel "should have objected that the instruction wasn't given," but determined that petitioner did not suffer prejudice as a result, expressing agreement with the superintendent's argument that the jury instructions, as a whole, adequately informed the jury of its task. It then entered a general judgment denying relief with respect to all grounds for relief. In the judgment, the court further explained its ruling:

> "Petitioner also alleges a failure of adequate representation owing to the instructions given, to which objection was not made. Essentially, this argument is whether the state had to prove that Petitioner had intentionally taken a step toward *intentionally* assaulting the police officer. The state points out that a person may commit Assault in the Second Degree by either intentional or knowing conduct. ORS 163.175(1)(b). This issue was presented to the Court of Appeals and rejected. Petitioner has not proven that error occurred, or even if it did, that the result would have been different."

(Emphasis in original.) Petitioner appealed.

## STANDARD OF REVIEW

We review the post-conviction court's denial of relief for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In conducting that review, we are bound by the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record. *Id.* "If the post-conviction court failed to make findings of fact on all the issues—and there is evidence from which such facts could be decided more than one way—we will presume that

the facts were decided consistently with the post-conviction court's conclusions of law." *Id.*

## ANALYSIS

As noted, petitioner seeks post-conviction relief from his conviction for attempted second-degree assault on the ground that the performance of his trial lawyer did not comport with the standards for performance of criminal defense counsel derived from Article I, section 11,[6] and the Sixth Amendment.[7] Under the Oregon Post-Conviction Relief Act, a petitioner who seeks to invalidate a conviction on that ground bears the burden of proving that the alleged constitutional violation or violations occurred. ORS 138.620(2); *Pereida-Alba v. Coursey*, 356 Or 654, 662, 342 P3d 70 (2015). Therefore, to obtain post-conviction relief on the ground that his trial lawyer's performance did not comport with Article I, section 11, standards, petitioner was required to prove (1) that his lawyer failed to exercise reasonable professional skill and judgment, and (2) that petitioner suffered prejudice as a result. *Pereida-Alba*, 356 Or at 662.[8]

From the post-conviction court's statements on the record, it appears to us that the post-conviction court concluded that, in failing to object to the trial court's failure to deliver UCrJI 1040 and to otherwise instruct the jury correctly on the elements of attempted assault in the second degree, petitioner's trial counsel failed to exercise reasonable professional skill and judgment. To the extent the post-conviction court's statement in its written judgment that "[p]etitioner has not proven that error occurred" creates an ambiguity regarding the court's ruling on the performance prong of petitioner's claim, we conclude that the record compels the conclusion that trial counsel failed to

---

[6] Article I, section 11, states, in relevant part, that, "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by * * * counsel[.]"

[7] The Sixth Amendment states, in relevant part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

[8] A similar standard governs petitioner's claim under the Sixth Amendment. Because we conclude that petitioner is entitled to relief on his claim under Article I, section 11, we do not address his Sixth Amendment claim.

exercise reasonable professional skill and judgment when trial counsel did not ensure that the trial court correctly instructed the jury on the elements of attempted assault in the second degree including, in particular, the definition of attempt. The core of petitioner's defense was that he acted recklessly, and trial counsel had requested that the jury be provided with UCrJI 1040, which would have informed the jury of the elements of attempt, including the mental state element of "intentionally." On those facts, the only rational inference is that trial counsel's failure to ensure that the jury was instructed correctly on the elements of attempt was the product of trial counsel's oversight, and not the product of trial counsel's exercise of reasonable professional skill and judgment. *See Bogle v. Armenakis*, 172 Or App 55, 66, 18 P3d 390 (2001) (concluding that trial counsel performed inadequately by not ensuring that the jury was correctly instructed as to the essential elements of the offense because trial counsel's silence in the face of the erroneous jury instruction was not a reasonable tactical decision and the petitioner was prejudiced as a result).

The remaining question is whether counsel's failure to ensure that the jury was correctly instructed on the elements of attempted assault in the second degree prejudiced petitioner for purposes of Article I, section 11. In these circumstances—where petitioner is challenging a conviction that resulted from a trial—petitioner was prejudiced if trial counsel's deficient performance "could have tended to affect the outcome of the case." *Green*, 357 Or at 323, 323 n 13. That standard requires a determination that there is "more than mere possibility, but less than probability" that counsel's inadequacy affected the outcome of the proceeding. *Id.* at 322.

Here, petitioner argues that that standard is met. In particular, he argues that the trial court's instructions make it likely that the jury convicted defendant of attempted assault in the second degree without finding that he acted with the requisite mental state for that offense. In response, the superintendent advances two arguments. First, the superintendent primarily argues that there are indications in the record that the jury may have received UCrJI 1040 in written form and argues that we should rely on those

indications to conclude that the jury was properly instructed on the elements of attempt and that, as a consequence, any shortcomings by trial counsel could not have affected the jury's verdict. The superintendent acknowledges that he did not make this argument to the post-conviction court, but asserts that it meets the criteria to be considered as an alternative basis for affirmance under *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). Second, the superintendent urges us to affirm for the reasons stated by the trial court. That is, the jury instructions provided by the trial court "described knowing and intentional conduct in various respects," making it unlikely that the failure to instruct the jury correctly on the elements of attempt tended to affect the outcome of the proceeding.

We reject the superintendent's first argument, that the judgment should be affirmed on alternative grounds. The superintendent did not advance the same argument below. Had he done so, we think it probable that the record would have developed differently, and would have included evidence as to what written instructions were, in fact, provided to the jury. For that reason, the superintendent's argument does not qualify for consideration as an alternative basis for affirmance. Under *Outdoor Media*, we must be persuaded that the record would "materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below" in order to affirm on a basis neither raised in nor resolved by the post-conviction court.[9] *Id.* at 660.

---

[9] In support of his argument that we should affirm on the alternative ground that the jury may have received UCrJI 1040 in writing, and that petitioner did not prove otherwise, the superintendent has requested that we judicially notice the state's response brief in petitioner's direct appeal; in that brief, the state represented that UCrJI 1040 was delivered in writing to the jury. Even if the factual issue of whether the jury received UCrJI 1040 in writing is one susceptible to resolution by judicial notice—and we are not sure that it is—it could not be resolved based on judicial notice of a hearsay representation in an appellate brief about the contents of the trial court file. At a minimum, it would require judicial notice of the actual trial court file, and the superintendent has not requested that we judicially notice that file. That said, because doing so is consistent with the superintendent's request that we judicially notice the contents of the state's brief and, in particular, that brief's representations about the contents of the trial court file, and because petitioner did not object to that request for judicial notice, we have reviewed the contents of the trial court file in petitioner's criminal case,

As to the merits of the prejudice question, we conclude that trial counsel's failure to ensure that the jury was correctly instructed on the elements of attempted second-degree assault could have affected the jury's verdict. As noted, the jury was erroneously instructed that to convict petitioner of attempted second-degree assault, it had to find that petitioner had committed a completed assault, that is, that he "knowingly caused physical injury to *** Moss by means of a dangerous weapon." The jury convicted petitioner of that offense, notwithstanding the fact that there was no evidence or argument that petitioner injured Moss. In other words, if the jury adhered to that instruction, there would be no factual basis for the conviction that it rendered. That suggests to us that the jury must have, in effect, revised the instruction in some way in order to convict petitioner of attempted assault in the second degree.

Furthermore, we think that there is more than a "mere possibility" that the jury instructed itself incorrectly. As a result of the trial court's omission of UCrJI 1040, the jury was not told that the mental state for attempt is "intentionally," and also was not told what sort of conduct is sufficient to constitute an attempt. The instructions describing the mental states for attempted second-degree assault, and for the (ostensible) offenses of attempted third-degree assault and attempted fourth-degree assault, indicated— erroneously—that those attempt offenses could be committed with the mental states of knowledge, recklessness, and criminal negligence, respectively. The omission of UCrJI 1040, in conjunction with the erroneous instructions that the trial court delivered, makes it reasonably likely that the jury, viewing the instructions as a whole, thought that it could convict petitioner of attempted assault in the second degree provided that it found petitioner had knowledge that he was engaging in conduct that risked harm to Moss, without necessarily finding that petitioner intentionally engaged

---

*State v. Everett*, Clackamas County Circuit Court Case No. CR0602017. The file does not tend to support the superintendent's position that UCrJI 1040 may have been given in writing to the jury; it appears that the state's brief on direct appeal mistakenly cited to the copy of UCrJI 1040 contained in the state's set of proposed jury instructions. The set of jury instructions that the file suggests was delivered to the jury does not contain a copy of UCrJI 1040.

in such conduct, or that such conduct rose to the level of a "substantial step" toward the commission of the offense of second-degree assault.

Finally, the record reflects that there is "more than a mere possibility" that if the jury had been correctly instructed on the elements of attempted assault in the second degree, the outcome of the case could have been different. As noted, the central dispute between the parties was petitioner's mental state at the time he drove his car toward Moss, and the record does not compel a finding that petitioner intended to engage in conduct that constituted a substantial step toward assaulting Moss. After being instructed that it had to find that petitioner acted intentionally to convict him of attempted assault in the first degree, the jury acquitted petitioner of that offense. That suggests that the jury had doubts as to whether petitioner intentionally attempted to injure Moss; a properly-instructed jury could have had the same doubts as to whether petitioner had the requisite intent to take a substantial step toward the commission of second-degree assault. Similarly, had the jury been instructed that the offense of attempt required petitioner to engage in conduct amounting to a "substantial step" toward the commission of the crime, the jury also could have had doubts as to whether petitioner's conduct of accelerating his car in Moss's direction rose to that level.

For these reasons, petitioner's conviction for attempted assault in the second degree was secured in violation of his Article I, section 11, right to the adequate assistance of counsel. We therefore reverse the judgment of the post-conviction court.

Reversed and remanded with instructions for post-conviction court to grant petitioner relief on Count 2; otherwise affirmed.